UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TOM OHNTRUP, et. al., | : | Civil Action No. 03-4891 (TJB) |
| | : | |
| Plaintiff, | : | |
| | : | OPINION AND ORDER |
| v. | : | |
| | : | |
| BRYAN GALLAGHER, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Presently before the Court is a Motion of Defendant/Third Party Plaintiffs Bryan Gallagher and Bryan's Quality Plus, Inc.'s (hereinafter "Gallagher") for Default Judgment against Third Party Defendant Armco Construction Company ("Armco"). The Court notes that Plaintiff's claims against Gallagher and Armco have been settled. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636 (c) and FED.R.CIV.P. 73. The Court has considered this matter without oral argument pursuant to FED.R.CIV.P. 78, and for the reasons set forth below, the motion will be **GRANTED**.

II. PROCEDURAL HISTORY

The underlying case involves a subrogation claim for property damage to the fishing vessel *Gin and Tonic* sustained when it was involved in an allision with a submerged object in the back bay of Avalon, New Jersey, near 21st Street. On October 16, 2003, Plaintiffs filed the instant action against Gallagher, for reimbursement for property damages and loss of business sustained as a result of the August 22, 2000 accident. (Docket Entry No. 1). On April 21, 2005, Gallagher filed a Third Party Complaint against Armco seeking contribution pursuant to the New Jersey Joint Tortfeasors' Contribution Act and a claim for breach of contract. (Id. at Docket

Entry No. 8). Armco filed its Answer on June 8, 2005, with crossclaims for contribution, common-law indemnification, contractual indemnification and breach of contract. (Id. at Docket Entry No. 12). On June 13, 2007, the Court granted a Motion by Joseph Deal, Esq., to withdraw as counsel for Armco in this matter. (Docket Entry No. 30). In It's June 13, 2007 Order, the Court mandated that Armco retain new counsel no later than June 27, 2007, and noted that failure to retain counsel could result in the imposition of sanctions, including default judgment. (Id.) To date, no new counsel has entered an appearance, and neither the Court nor Gallagher have heard from Armco.

On July 25, 2007, the parties submitted a stipulation dismissing all claims and cross claims, except Gallagher's breach of contract claim against Armco. (Docket Entry No. 31). Gallagher now moves to have default judgment entered against Armco on his breach of contract claim.

**III.   BACKGROUND**

For a detailed recitation of the factual background of this matter, the Court refers the parties to Its September 26, 2006 Opinion and Order. In November 1999 Gallagher and Armco entered into a charter agreement wherein Gallagher agreed to rent a barge to Armco for $1,500.00 per month. Armco agreed to maintain the barge, and to name Quality Plus as an additional insured. During the course of the charter, Gallagher had access to and was still capable of using his barge. Gallagher alleges that during the course of the charter Armco damaged its barge, including the spud well. The alleged damage included tearing off the spud well, damaging the side of the barge and cutting the spud. Gallagher demanded that Armco repair the spud well and barge; however, the spud well repair was done poorly, and the side of the barge was not repaired at all. In April 2000 when the charter ended, Gallagher took

possession of the barge with what Gallagher believed to be damage to the spud well. Gallagher did not do anything to repair the allegedly damaged spud well from April to August 2000. Gallagher was not concerned that the spud well would fall off of the barge and felt that the barge was seaworthy to do certain jobs, including excavation work.

On August 3, 2000, Armco contracted with Gallagher to excavate high spots in the Avalon Anchorage caused by Armco's dredging. The contract called for payment of $2,500.00 per day for a minimum of three days, as well as $1,500.00 owed to Gallagher for prior work. After approximately three hours on the job, Gallagher's crew was asked by Armco to leave because the barge was not in operating condition, the equipment and men were not qualified to do the job, and they failed to provide a certificate of insurance. Gallagher asserts that his crew was qualified and equipment was up to the required specifications to meet his obligations under the contract. Gallagher is unsure of whether the spud well was on his barge on August 3, 2000, and does not know when the spud well came off of the barge. No payment was made by Armco to Gallagher on either provision of the August 3, 2006 agreement.

## IV.   ANALYSIS

**1.  Standard of Review**

Federal Rule of Civil Procedure 55(a) provides that default judgment may be entered against a party that has "failed to plead or otherwise defend." FED.R.CIV.P. 55(a)(West 2007). Rule 55(b) allows the Court to enter a judgment by default upon application of a party. FED.R.CIV.P. 55(b)(West 2007). The Third Circuit has held that the "or otherwise defend" clause is "broader than the mere failure to plead." Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 917 (3d Cir. 1992). The Hoxworth Court also suggested that default judgment can

be imposed for failure to comply with a court's orders to retain substitute counsel, file a pretrial memorandum, or respond to discovery requests. Id. at 918. Courts have also entered a default judgment against a party who has failed to appear at a conference subsequent to filing an answer. See e.g. Chanel, Inc. v. Craddock, 05-1593-HAA, 2006 WL 469952 (D.N.J. Feb. 27, 2006).

When considering whether the imposition of a default judgment is appropriate, a court must consider the factors outlined in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). Hoxworth, 980 F.2d at 919 (citing Poulis, 747 F.2d at 868). Under a Poulis analysis, the Court must balance the following factors: (a) the extent of the party's personal responsibility, (b) prejudice to the adversary, (c) a history of dilatoriness, (d) whether the conduct of the party was willful or in bad faith, (e) the effectiveness of sanctions other than dismissal and (f) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. It is necessary for the court to weigh each factor and make factual findings considering each individually; however, a court is not required to demonstrate that all factors point to a default to render a sanction appropriate. Hoxworth, 980 F.2d at 919.

### 2. Application of *Poulis* Factors

The Court is persuaded that Defendant's conduct satisfies the Poulis factors and that Default Judgment should be entered.

#### a. *Defendant's Responsibility*

In determining whether default judgment is appropriate, the Court must look to the personal responsibility of the party for any action or inaction in issue. Adams v. Trs. of the NJ Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994). Armco has failed to retain counsel in violation of the Court's Orders and rules, making its failure to comply with discovery obligations and Orders solely its responsibility. See Hoxworth, 980 F.2d at 920

(noting a litigant's personal responsibility under the first prong of Poulis when appearing *pro se*). Specifically, Armco did not retain Counsel as Ordered by the Court. Accord Rowland v. CA Men's Colony, 509 U.S. 194, 202-203 (1993)(finding that corporate entities cannot proceed in civil actions without counsel). Moreover, Gallagher has fully participated in this matter, and Armco cannot reasonably claim that any action or inaction on Gallagher's part has contributed to his failure to provide discovery or obtain an interpreter. Thus, the first factor weighs in favor of entering default judgment.

### b. Prejudice to Plaintiff

The Court must also evaluate whether Armco's actions or inactions have prejudiced Gallagher. Poulis, 747 F.2d at 868. Prejudice may result from the deprivation of information due to a party's failure to cooperate with discovery. However, a showing of "irremediable harm" is not necessary to demonstrate how the party has been prejudiced. Curtis T. Bedwell & Sons, Inc., 843 F.2d 683, 693 (3d Cir. 1988). Here, Gallagher has been prejudiced by Armco's total failure to substantively participate in the remaining litigation. Armco's actions have caused delay, which has resulted in further prejudice to Gallagher, as this litigation has been at a standstill for many months. The prejudice to Gallagher favors entering default judgment.

### c. History of Dilatoriness

The Court must also consider whether there was a history of dilatoriness on the part of Armco over the course of the entire case. Adams, 29 F.3d at 875. A history of dilatoriness exists where a party causes extensive or repeated delay, such as failing to respond to discovery requests, or failing to comply with court orders. Id. at 874. Although Armco participated in this matter, in reality the participation was of Armco's insurance carrier who retained counsel and participated under the terms of the insurance policy. Representatives of Armco, other than the

insurance carrier, have never fully participated in this mater from its inception. Furthermore, Armco failed to retain counsel, and has not communicated with the Court or Gallagher for months. Armco's conduct exemplifies the dilatory conduct contemplated by the Poulis Court and therefore weighs in favor of entering default judgment.

### d. Willfulness and Bad Faith

Poulis also requires that the Court assess whether Armco's conduct was willful or in bad faith. A party's "fail[ure] to comply with the court's orders and in dragging the case out [must be] willful and not merely the result of negligence of inadvertence." Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002). Armco was aware of the requirement to retain new counsel and to be in contact with the Court, but has failed to comply. The Court finds that Armco cannot reasonably claim that these failures were the result of anything other than a conscious and indeed willful disregard of its obligations as a litigant. Armco's failure to comply with the Court's order, coupled with the fact it has offered no explanation for noncompliance, further demonstrates bad faith. The Court finds Armco's dilatory conduct was willful and in bad faith; therefore, the fourth factor weighs in favor of entering default judgment.

### e. Effectiveness of Alternative Sanctions

The Court notes in assessing the possibility of alternative sanctions under Poulis that Armco was given ample time to retain counsel, but failed to do so. Moreover, Armco has not communicated with the Court or Gallagher in months. Therefore, the Court finds that alternative sanctions would not prompt an appropriate and sufficient response from Armco. See Hoxworth, 980 F.2d at 922 (noting that merely because it is theoretically possible to impose lesser sanctions does not mean that default is inappropriate). If given an extraordinary liberal construction in

Armco's favor, this factor would be neutral; however, the Court finds that it weighs in favor of entering default judgment.

### f. Meritoriousness of Claims

The Court notes in evaluating the sixth Poulis factor that Armco's insurance counsel asserted defenses to the breach of contract claim in its Answer. However the inclusion of this factor is largely neutral and does not alter the Court's conclusion that the majority of the Poulis factors supports entering default judgment. See Curtis T. Bedwell & Sons, Inc., 843 F.2d at 696 (holding that one factor is not controlling in the Poulis analysis).

### III.  CONCLUSION AND ORDER

The Court finds that the majority of the Poulis factors weigh in favor of entering default judgment. Armco bears sole responsibility for its failure to retain counsel and communicate with Gallagher and the Court. Gallagher has suffered prejudice due to Armco's willful dilatoriness, and the Court finds that alternative sanctions would be ineffective at this time. Therefore,

IT IS on this 27th Day of August, 2007,

ORDERED that Gallagher's Motion for the Entry of Default Judgment is hereby GRANTED.

    s/   Tonianne J. Bongiovanni
    TONIANNE J. BONGIOVANNI
    UNITED STATES MAGISTRATE JUDGE